UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| TERRY VON ASTEN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>ALLTRAN FINANCIAL LP,<br><br>    Defendant. | Case No.: 20-cv-1020<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Terry Von Asten is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5. Defendant Alltran Financial, LP, ("Alltran") is a foreign limited partnership with its primary offices located at 5800 North Course Drive, Houston, Texas 77072.

6. Alltran is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Alltran is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

8. Alltran is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat § 427.103(3).

**FACTS**

9. On or about November 2, 2019, USAA Federal Savings Bank ("USAA") mailed an account statement to Plaintiff. A copy of this account statement is attached to this complaint as Exhibit A.

10. Upon information and belief, the debt referenced in Exhibit A was incurred by use of a credit card, which was used only for personal, family, and household purposes.

11. Exhibit A states that the "PREVIOUS BALANCE" of Plaintiff's alleged debt is $14,611.60.

12. Exhibit A additionally includes the following representations:

DETACH HERE   Retain this portion of your statement for your records. Please allow 7 to 10 days for postal delivery. NOTICE: See reverse side for important information.   DM-04871

| LOAN NUMBER | PAYMENT DUE DATE | AMOUNT DUE | TOTAL PAST DUE | TOTAL PAYMENT DUE |
|---|---|---|---|---|
| 7954 | 11/14/19 | $333.64 | $1,701.56 | $2,035.20 |
| | after 11/29/19 | $333.64 | $1,701.56 | $2,035.20 |

TERRY A VON ASTEN

13. Exhibit A thus states that, as of November 2, 2019, Plaintiff's alleged debt had a "TOTAL PAYMENT DUE" amount of $2,035.20, a "TOTAL PAST DUE" amount of $1,701.56, an "AMOUNT DUE" of $333.64 associated with a "PAYMENT DUE DATE" of November 14, 2019.

14. Upon information and belief, the acceleration clause in the underlying credit agreement governing the alleged debt referenced in Exhibit A provided for *optional* acceleration upon the consumer's default.

15. On or about October 23, 2019, Alltran mailed Plaintiff a debt collection letter regarding the same alleged debt owed to USAA. A copy of this letter is attached to this complaint as Exhibit B.

16. Exhibit B was mailed to Plaintiff's former address, but was forwarded to Plaintiff's current address upon Alltran's request. Exhibit B is labeled "ADDRESS SERVICE REQUESTED." According to the U.S. Postal Service, "**Address Service Requested** provides forwarding and address correction services when possible. If the mail is undeliverable and not forwardable, it is returned to the sender with the reason identified on the mailpiece." *See* https://about.usps.com/publications/pub8/pub8_v05_revision_092017_006.htm#:~:text=Address%20Service%20Requested%20provides%20forwarding,services%20without%20forwarding%20or%20return.

17. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

18. Upon information and belief, Exhibit B is a form debt collection letter, generated by computer, and used by Alltran to attempt to collect alleged debts.

19. Upon information and belief, Exhibit B was the first written communication that Alltran mailed to Plaintiff with respect to the alleged debt referenced in Exhibit B.

20. Exhibit B includes the following representations which largely reflects the statutory debt validation notice that the FDCPA, 15 U.S.C. § 1692g, requires that the debt collector send the consumer along with, or within five days of, their initial communications:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days from receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

21. Exhibit B also includes the following representations:

> Creditor: USAA Federal Savings Bank
> Account: ▇▇▇▇7954
> Alltran ID: 42089862
> Account Balance: $14,694.96

22. Additionally, Exhibit B states:

> **Your Account has been Referred to this Office for Collection**
> Please remit payment in full of any undisputed amount, payable to our client, in the enclosed envelope.

23. Lastly, Exhibit B states:

> We want to help you resolve this account. If you wish to discuss your account, please call James Taylor at 888-793-6189, Ext. 8866, so we may assist you.

24. Exhibit B, mailed on October 23, 2019 --- several weeks before the "PAYMENT DUE DATE" stated in Exhibit A --- states only the full balance of Plaintiff's alleged debt and demands "payment in full."

25. Exhibit B makes no reference whatsoever to any minimum payment amount that Plaintiff could pay to return the account to a current status.

26. Exhibit B, thus, represents that the debt had been accelerated and the full balance was due when Exhibit B was mailed.

27. The representation in Exhibit B that, as of October 23, 2019, Plaintiff's account had been accelerated is deceptive, misleading, and unconscionable. *See* FTC Staff Commentary, 53 Fed. Reg. 50097, 50106 ("A debt collector may not ... falsely assert that the debt has matured or that it is immediately due and payable, when it is not.").

4

28. By mailing the November 2, 2019 account statement, USAA waived its right to accelerate the maturity of the account before November 14, 2019, and as of the October 23, 2019, when Alltran mailed its letter, USAA had not exercised the optional acceleration clause, notwithstanding whether USAA had closed or charged off the account for accounting purposes. *See, e.g., Johnson v. LVNV Funding*, No. 13-cv-1191, 2016 U.S. Dist. LEXIS 19651, at *15 (E.D. Wis. Feb. 18, 2016) ("That WaMu chose to write off the debt does not mean that it could improperly accelerate it."); *see also, Smither v. Asset Acceptance, LLC*, 919 N.E.2d 1153, 1160-61 (Ind. Ct. App. 2010) (in the context of credit card accounts, "a 'charge off' appears to be an accounting device that has no bearing upon the question of whether an optional acceleration clause has been invoked.").

29. The unsophisticated consumer cannot determine whether the debt had been accelerated or not, or how much debt is actually due as of the date of Exhibit B. Exhibit B demands "payment in full" with respect to an "Account Balance" of $14,694.96, without any reference to a minimum payment, while Exhibit A states that only $2,035.20 is the "TOTAL PAYMENT DUE." *See Machnik v. RSI Enters.*, 2017 U.S. Dist. LEXIS 160772, at *6 (E.D. Wis. Sept. 29, 2017) ("In the context of a debt, 'owing' an amount is distinguishable from the amount 'due.'"); *see also Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 947-48 (7th Cir. 2004) (debt collector misleads consumer by stating a "current balance" without disclosing that a portion of that balance "might not yet be due, let alone overdue."); *Barnes v. Advanced Call Ctr. Techs, LLC*, 493 F.3d 838, 840 (7th Cir. 2007) ("only the past due amount, the amount owed [to the debt collector], can be the 'amount of the debt' under § 809(a)(1)"); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000) ("What [the debt collector] certainly could do

5

was to state the total amount **due** --- interest and other charges as well as principal --- on the date the dunning letter was sent. We think the statute required this.").

30. An unsophisticated consumer, upon receiving Exhibit B, would understand that the debt had been accelerated and the full balance was due when Exhibit B was mailed.

31. The representation in Exhibit B that Plaintiff's alleged debt had been accelerated is false, deceptive, misleading, and unconscionable and is a misrepresentation of the legal status of the debt.

32. Plaintiff was confused by Exhibits A & B.

33. The unsophisticated consumer would be confused by Exhibits A & B.

34. Plaintiff had to spend time and money investigating Exhibits A & B.

### ***The FDCPA***

35. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a

6

misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Neeley v. Portfolio Recovery Assocs., LLC*, 268 F. Supp. 3d 978, 982 (S.D. Ind. Aug. 2, 2017) ("[N]othing in *Spokeo* overruled the Seventh Circuit's decisions that emphasized and affirmed the power of Congress to pass legislation creating new rights, which if violated, would confer standing under Article III.") (alteration in original) (quoting *Saenz v. Buckeye Check Cashing*, 2016 U.S. Dist. LEXIS 127784, at *5 (N.D. Ill. Sep. 20, 2016); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have

7

the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

36. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

37. Misrepresentations of the character, amount or legal status of any debt, injures or risks injury to interests expressly protected by Congress in the FDCPA. *See Degroot v. Client Servs.*, 2020 U.S. Dist. LEXIS 6677 (E.D. Wis. Jan. 15, 2020) ("[A]n informational injury can be concrete when the plaintiff is entitled to receive and review substantive information."); *Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt., Inc.*, 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal

citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

38. 15 U.S.C. § 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. 15 U.S.C. § 1692e(2)(A) specifically prohibits: "The false representation of — the character, amount, or legal status of any debt."

40. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

41. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. 15 U.S.C. § 1692f(1) specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

43. 15 U.S.C. § 1692g provides, in relevant part:

> (a) **Notice of debt; contents**
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

9

> (1) the amount of the debt

44. The debt collector must state the amount of the debt in a non-confusing manner. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 323 (7th Cir. 2016) (citing *Chuway*, 362 F.3d at 947); *see also, Ozier v. Rev-1 Sols., LLC*, No. 17-cv-118, 2017 U.S. Dist. LEXIS 126017, at *6 (E.D. Wis. Aug. 9, 2017) ("The FDCPA requires a debt collector to accurately, and without deceptive language, state the amount of the debt owed.") (citing 15 U.S.C. § 1692e).

## COUNT I – FDCPA

45. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

46. By stating only the full balance of Plaintiff's alleged debt and demanding "payment in full" before the full balance of such debt was actually accelerated, Exhibit B includes representations which are false, deceptive, and misleading as to the amount, character, and legal status of such debt.

47. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1).

## CLASS ALLEGATIONS

48. Plaintiff brings this action on behalf of two Classes.

49. Class I ("Nationwide Class") consists of: (a) all natural persons in the United States of America (b) who were sent an account statement by USAA in the form of Exhibit A, (c) and subsequently were sent a letter in the form of Exhibit B, (d) where the letter in the form of Exhibit B was mailed prior to the "PAYMENT DUE DATE" stated in the account statement in the form of Exhibit A, (e) and the alleged debt was incurred for personal, family or household purposes, (f)

and the letter in the form of <u>Exhibit B</u> was mailed between July 7, 2019 and July 7, 2020, (f) and was not returned by the postal service.

50. Class II ("Seventh Circuit Class") is a subclass of Class I, consisting of: (a) all natural persons in the States of Illinois, Wisconsin, and Indiana (b) who were sent an account statement by USAA in the form of <u>Exhibit A</u>, (c) and subsequently were sent a letter in the form of <u>Exhibit B</u>, (d) where the letter in the form of <u>Exhibit B</u> was mailed prior to the "PAYMENT DUE DATE" stated in the account statement in the form of <u>Exhibit A</u>, (e) and the alleged debt was incurred for personal, family or household purposes, (f) and the letter in the form of <u>Exhibit B</u> was mailed between July 7, 2019 and July 7, 2020, (f) and was not returned by the postal service.

51. Each class is so numerous that joinder is impracticable.

52. Upon information and belief, there are more than 50 members of each class.

53. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Defendant violated the FDCPA.

54. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

55. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

56. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **JURY DEMAND**

57. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated: July 7, 2020

**ADEMI & O'REILLY, LLP**

By:    /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com